IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN HANSFORD,

    Plaintiff,

v.

No. 2:08-cv-02232 MCE KJN

SOLANO COUNTY DEPARTMENT OF
HEALTH AND HUMAN SERVICES[1] and
DOES ONE THROUGH FIFTY, inclusive,

    Defendants.

ORDER

_____/

Three discovery-related motions are presently before the court[2]: (1) plaintiff's motion to compel responses to his first set of interrogatories and requests for production of documents, to which defendant failed to provide responses for over one year (Dkt. No. 30); (2) defendant's motion to withdraw its deemed admissions to plaintiffs' first and second set of requests for admissions, which resulted from defendant's failure to respond to plaintiffs' discovery for over one year (Dkt. No. 32); and (3) defendant's motion for a protective order,

---

[1] At the hearing conducted by the undersigned on June 16, 2011, defendant's counsel clarified that its correct name is "Solano County Department of Health and Social Services."

[2] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

1  which seeks an order protecting defendant from responding to plaintiff's requests for production
2  numbered 34 through 39, interrogatories numbered 13 through 15, and request for admission
3  number 15 (Dkt. No. 39).  Also before the court are the parties' respective requests for the award
4  of discovery-related expenses and/or sanctions.  The undersigned heard this matter on its law and
5  motion calendar on June 16, 2011.  (Minutes, Dkt. No. 59.)  Attorney Wendy E. Musell appeared
6  on behalf of plaintiffs.  Attorney Peter D. Halloran appeared on behalf of defendant.

7　　　　　　　In consideration of the parties' voluminous filings and for the reasons stated on
8  the record at the June 16, 2011 hearing, IT IS HEREBY ORDERED that:

9　　　　　1.　　Plaintiff's motion to compel (Dkt. No. 30) is granted, and defendant is
10 deemed to have waived its objections to plaintiff's first set of interrogatories and requests for
11 production of documents, except as described below in regards to defendant's motion for
12 protective order.  Within 30 days of the date of this order, defendant shall serve amended
13 responses to plaintiff's first set of interrogatories and requests for production of documents
14 without objections except as described below, and shall also produce documents and other
15 materials that are responsive to plaintiff's interrogatories and requests for production, except as
16 narrowed below.

17　　　　　2.　　In regards to plaintiff's motion to compel, plaintiff's request for the award
18 of reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) is granted.
19 Defendant only responded to plaintiff's first set of interrogatories and requests for production
20 after plaintiff was forced to file a motion to compel.  See Fed. R. Civ. P. 37(a)(5) ("If the motion
21 [to compel] is granted—or if the disclosure or requested discovery is provided after the motion
22 was filed—the court must, after giving an opportunity to be heard, require the party or deponent
23 whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay
24 the movant's reasonable expenses incurred in making the motion, including attorney's fees. ").
25 In consideration of plaintiff's counsel's declarations in support of plaintiff's motion to compel,
26 ////

plaintiff is awarded $2,520 as reasonable expenses pursuant to Rule 37(a)(5).[3]  Defendant shall pay the award directly to plaintiff or plaintiff's counsel within 45 days of the date of this order and notify the court in writing within seven days of such payment.

       3.      Defendant's motion to withdraw its deemed admissions (Dkt. No. 32) is granted.  Defendant's responses to plaintiff's first and second set of requests for admissions, served on or around May 18, 2011, are deemed timely served.  As discussed more fully at the hearing, plaintiff may file a subsequent motion for the award of reasonable expenses, including attorney's fees and costs, incurred as a result of plaintiff's *legitimate* need to "redo" discovery as a direct result of the withdrawal of defendant's deemed admissions.  As the undersigned indicated at the hearing, any such request will be heavily scrutinized by the court, and plaintiff should only seek this relief if he has a good faith basis to do so.  Any abuse of this provision may result in the imposition of sanctions against plaintiff and his counsel.

       4.      Defendant's motion for a protective order (Dkt. No. 39) is granted in part and denied in part.  Specifically:

       a.      Defendant shall respond and produce personnel-related documents and other materials requested in plaintiff's requests for production numbered 34 through 39, except that defendant shall be permitted to redact any home address information, and any health, tax, credit, and social security related information pertaining to the subject of the personnel file. Defendant's production shall be made pursuant to the parties' "Stipulation and Proposed Order" protecting personnel documents, which was previously executed by the parties and approved by the court on July 1, 2009. (Stip. & Proposed Order, July 1, 2009, Dkt. No. 19.)  To the extent necessary, the parties may also enter into a further stipulated protective order and seek approval

---

[3] Plaintiff's counsel's declaration in support of its motion to compel "seeks sanctions in the amount of $2,520, for the seven hours Plaintiff's counsel has expended in attorney time having to *oppose* this motion." (Musell Decl. ¶ 27 (emphasis added), June 10, 2011, Dkt. No. 55.) Plaintiff's counsel's representation regarding fees incurred in having to "oppose" plaintiff's motion to compel appears to be an inadvertent misstatement.

1 | of the same pursuant to Local Rule 141.1.

        b.      Defendant has no obligation to further respond to plaintiff's request for admission number 15.  This protection is subject to re-visitation by the court on a good-faith motion brought by plaintiff.

        c.      Defendant shall respond to plaintiff's interrogatories numbered 13 through 15 as narrowed here.[4]  Defendant's amended responses to plaintiff's interrogatories 13 through 15 shall provide plaintiff with: (1) the identities of those employees within Solano County's Department of Health and Social Services who were granted flexible work schedules; (2) the nature of the flexible work schedule; and (3) the general reason for the accommodation, without the disclosure of any individual's specific religious belief if a religious belief served as the basis for the work schedule accommodation.  Defendant's responses shall encompass the time period of October 20, 2004, through the end of the year 2010.  Defendant's production shall be made pursuant to the parties' Stipulation and Proposed Order approved by the court on July 1, 2009.  However, to the extent that the parties' stipulated protective order only applies to document productions and not responses to interrogatories, the parties may enter into a further stipulated protective order and seek approval of the same pursuant to Local Rule 141.1.

        5.      Plaintiff's and defendant's respective requests for an award of expenses and/or sanctions in connection with defendant's motion for a protective order are denied.

        IT IS SO ORDERED.

DATED: June 17, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff expressed no objection to defendant's response to interrogatory 13 on its face.  His objection concerned the breadth of the resulting responses to interrogatories 14 and 15, which are tied to the response to interrogatory 13.