IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN HANSFORD,

    Plaintiff,                    No. 2:08-cv-02232 MCE KJN

    v.

SOLANO COUNTY DEPARTMENT OF
HEALTH AND HUMAN SERVICES[1] and
DOES ONE THROUGH FIFTY, inclusive,

    Defendants.              ORDER

_____/

        On June 17, 2011, the undersigned ordered that defendant provide, in relevant part, narrowed supplemental responses to plaintiff's interrogatories numbered 13 through 15.[2] (See Order, June 17, 2011, Dkt. No. 60.)  Defendant's responses are due to plaintiff on or before July 18, 2011.  (See id. at 2.)  The non-expert discovery completion deadline in this case is September 16, 2011, and the deadline to designate expert witnesses is November 16, 2011. (Amended Pretrial Scheduling Order, Dkt. No. 44.)

---

[1] At the June 16, 2011 hearing before the undersigned, defendant's counsel clarified that defendant's correct name is "Solano County Department of Health and Social Services."

[2] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1

Presently before the court is defendant's ex parte application seeking an extension of time, until August 31, 2011, in which to provide plaintiff with the previously ordered responses. (Ex Parte Appl., Dkt. No. 64.) Defendant filed its application on July 15, 2011, which is one business day prior to the court-ordered production deadline, and contacted plaintiff's counsel regarding the ex parte application on July 14, 2011 (see Halloran Decl. ¶ 4 & Ex. A).³ Plaintiff's counsel has informed defendant that plaintiff intends to oppose defendant's ex parte application.⁴ Nevertheless, the undersigned rules on the ex parte application without ordering an opposition by plaintiff.

The undersigned grants defendant's ex parte application in part, and orders that defendant produce the responses at issue no later than Monday, August 15, 2011, at 5:00 p.m. The declarations filed in support of the ex parte application, which are signed under penalty of perjury, represent that defendant has been attempting to assemble its court-ordered interrogatory responses since June 16, 2011, but that the production has been complicated by numerous logistical issues, including defendant's recent layoffs and the unavailability of human resources

---

³ This court's Local Rule 144(d) provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." Although defendant's counsel's declaration supports that he sought an extension from plaintiff's counsel and filed this ex parte application for an extension of time as soon as *he* learned of the need for such an extension from his client, he nevertheless waited until just prior to the production deadline to take any action. (See Halloran Decl. ¶¶ 3-4 & Ex. A, Dkt. No. 64, Doc. No. 64-2.) In the future, defendant's counsel should more diligently monitor the production of discovery so that he does not wait until the eve of a given deadline to seek relief on an ex parte basis.

⁴ Meanwhile, on July 1, 2011, defendant filed a motion for reconsideration of the undersigned's June 17, 2011 order, which plaintiff has opposed. (Mot. for Reconsid., Dkt. No. 62; pl.'s Opp'n to Mot. for Reconsid., Dkt. No. 63.) The district judge assigned to this case has not yet ruled on defendant's motion for reconsideration. The undersigned was initially concerned that defendant may have filed its ex parte application for an extension on the eve of its production deadline in order to provide more time for the district judge to rule on its motion for reconsideration. However, the undersigned's concerns are allayed to a large degree by the declarations of defendant's counsel and the Solano County Risk Manager regarding the logistical difficulties impacting the ordered production, which are signed under penalty of perjury. (See Halloran Decl.; Serrano Decl., Dkt. No. 64, Doc. Nos. 64-1.)

1  employees who are critical to assembling the responses.  (See Serrano Decl. ¶¶ 3-7.)
2  Accordingly, the undersigned grants defendant's ex parte application for an extension of time.
3  However, the undersigned grants an extension that is shorter than that requested by defendant in
4  light of the discovery completion deadline of September 16, 2011, and the expert designation
5  deadline of November 16, 2011.  As stated in an e-mail of plaintiff's counsel, an extension of
6  time will prejudice plaintiff's counsel in terms of conducting depositions and designating experts
7  in this case.  (Halloran Decl., Ex. A at 2.)  In essence, defendant's production of the subject
8  interrogatory responses—which follows defendant's failure to initially respond to discovery in
9  this case for well over one year—materially impacts plaintiff's ability to conduct additional
10  discovery and depositions and move this case forward.  If defendant desires an additional
11  extension, it must seek the approval of a stipulation further continuing the discovery completion
12  deadline in this case, or file a motion to further modify the Amended Pretrial Scheduling Order
13  on a showing of "good cause."  See Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations,
14  Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).  Under either scenario, such relief must be sought
15  from the district judge, who entered the Amended Pretrial Scheduling Order.

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.      Defendant's ex parte application for an extension of time (Dkt. No. 64) is
18  granted in part.

19          2.      On or before Monday, August 15, 2011, at 5:00 p.m., defendant shall
20  provide responses to plaintiff's interrogatories numbered 13 through 15, as required by the
21  court's June 17, 2011 order.

22  ////
23  ////
24  ////
25  ////
26  ////

3. The undersigned will not consider any further requests for extensions by defendant absent modification of the Amended Pretrial Scheduling Order.

IT IS SO ORDERED.

DATED: July 15, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4