UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NATHAN HANSFORD,                          No. 2:08-cv-02232-MCE-KJN

      Plaintiff,

  v.                                      MEMORANDUM AND ORDER

SOLANO COUNTY DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
and DOES 1-50, inclusive,

      Defendant.

----oo0oo----

Presently before the Court is Defendant County of Solano's ("Defendant") Request for Reconsideration by the District Court of Magistrate Judge's Ruling (ECF No. 62). Defendant seeks reconsideration of the magistrate judge's denial of its Motion for a Protective Order limiting or precluding the production of the personnel files of one former and five current Solano County employees. For the following reasons, Defendant's Request is DENIED.

///

///

1

**BACKGROUND**

Plaintiff Nathan Hansford ("Plaintiff") filed his Complaint against Defendant, Plaintiff's employer, on July 21, 2008, alleging causes of action under state law for unlawful discrimination, harassment and retaliation based on religion.  In October of 2009, Plaintiff propounded a variety of discovery requests on Defendant, including document requests demanding the production of the personnel files of five of Defendant's employees and one of its former employees, none of whom are parties to this action.  Declaration of Wendy Musell, ¶ 2. Defendant failed to respond to those discovery requests for approximately a year and a half.  Id., ¶ 12.  In the meantime, Plaintiff had already sought a motion to compel responses to, among other things, the above document requests, and Defendant had filed a motion for a protective order seeking to limit or preclude production of the personnel files.  Id., ¶ 11.

Prior to the genesis of the above dispute, the parties, in June of 2009, had nonetheless entered a stipulated protective order pertaining specifically to the handing and confidentiality of personnel files.  This Court approved that protective order on June 30, 2009, over two years ago.

///
///
///
///
///
///

1    On June 17, 2011, the magistrate judge granted Plaintiff's
2 motion to compel and, as pertinent here, denied Defendant's
3 request for a protective order.  The magistrate judge found that
4 Defendant waived its objections to production by failing to
5 timely respond to Plaintiff's requests and ordered Defendant to
6 provide the requested personnel files, subject to the existing
7 protective order and subject to further redactions of home
8 address information and any health, tax, credit or social
9 security information.  Defendant now seeks reconsideration of the
10 magistrate judge's ruling and asks this Court to grant
11 Defendant's request for a protective order and to either further
12 limit the scope of discovery or to subject the personnel files to
13 in camera review.
14
15                              **STANDARD**
16
17    In reviewing a magistrate judge's determination, the
18 assigned judge shall apply the "clearly erroneous or contrary to
19 law" standard of review set forth in Local Rule 303(f), as
20 specifically authorized by Federal Rule of Civil Procedure 72(a)
21 and 28 U.S.C. § 636(b)(1)(A).  Under this standard, the Court
22 must accept the magistrate judge's decision unless it has a
23 "definite and firm conviction that a mistake has been committed."
24 Concrete Pipe & Products of Cal., Inc. v. Constr. Laborers
25 Pension Trust for So. Cal., 508 U.S. 602, 622 (1993).
26 ///
27 ///
28 ///

If the Court believes the conclusions reached by the magistrate judge were at least plausible, after considering the record in its entirety, the Court will not reverse even if convinced that it would have weighed the evidence differently. Phoenix Eng. & Supply Inc. v. Universal Elec. Co., Inc., 104 F.3d 1137, 1141 (9th Cir. 1997).

**ANALYSIS**

Nothing before this Court indicates the magistrate judge clearly erred. First, it is well-settled that a failure to respond to discovery requests waives objections, including those based on privilege. Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). In addition, the privacy rights of the third-party employees implicated in this case are not absolute. Rather, those rights "may be abridged to accommodate a compelling public interest. One such interest...is the historically important state interest of facilitating the ascertainment of truth in connection with legal proceedings." Moskowitz v. Superior Court, 137 Cal. App. 3d 313, 315-16 (1982) (internal citations and quotations omitted). Documents directly relevant and essential to the subject matter of the litigation are discoverable. Britt v. Superior Court, 20 Cal. 3d 844, 859 (1978). Plaintiff seeks the personnel records of individuals allegedly responsible for, or who had knowledge of, the claimed harassment, discrimination and/or retaliation. These records are entirely relevant to Plaintiff's claims. See Ragge v. MCA/Universal Studios, 165 F.R.D. 601, 604 (C.D. Cal. 1995).

4

Moreover, since production of the records is subject to an existing protective order and since the magistrate judge limited the most recent production order to further exclude, for example, health, tax, and financial information, Defendant has failed to point to any clear error here.

**CONCLUSION**

Accordingly, Defendant's Request for Reconsideration by the District Court of Magistrate Judge's Ruling (ECF No. 62) is hereby DENIED.

IT IS SO ORDERED.

Dated: July 28, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE