IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NATHAN HANSFORD,

    Plaintiff,

v.

No. 2:08-cv-02232 MCE KJN

SOLANO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES and DOES ONE THROUGH FIFTY, inclusive,

    Defendants.

ORDER

_____/

    Presently before the court is defendant's motion to compel compliance by "Kaiser," a third-party to this action, with two subpoenas dated May 16, 2011, which seek plaintiff's medical records pertaining to plaintiff's claimed emotional distress and emotional pain and suffering.[1] The undersigned heard this matter on its law and motion calendar on July 28, 2011. (Minutes, Dkt. No. 80.) Attorney Peter D. Halloran appeared on behalf of defendant.[2] Attorney Elisa J. Stewart appeared on behalf of plaintiff.

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

[2] At the hearing conducted by the undersigned on June 16, 2011, defendant's counsel clarified that its correct name is "Solano County Department of Health and Social Services."

1

1    Defendant's portion of the joint statement re discovery disagreement and
2 defendant's counsel's representations at the hearing make clear that defendant only seeks
3 plaintiff's medical records, in un-redacted form, for the period of January 1, 2004, through the
4 present. Plaintiff's portion of the joint statement and plaintiff's counsel's representations at the
5 hearing make clear that plaintiff does not object to the discovery of plaintiff's medical records
6 from Kaiser for the period of January 1, 2004, through the present, except that plaintiff believes
7 that portions of those records should be redacted. The undersigned agrees that plaintiff's medical
8 records for the period of January 1, 2004, through the present, are subject to discovery because
9 plaintiff is alleging damages for emotional distress and emotional pain and suffering that are not
10 of a "garden variety" nature, and plaintiff intends to rely on his medical records and the opinions
11 of his treating medical professionals in this case. As explained at the hearing, the undersigned
12 finds no basis for redacting plaintiff's medical records, especially if the medical records are the
13 subject of a protective order or private agreement among the parties that is the equivalent of a
14 protective order.

15    In consideration of the parties' filings and for the reasons stated on the record at
16 the July 28, 2011 hearing, IT IS HEREBY ORDERED that:

17    1.   Defendant's motion to compel (Dkt. No. 56) is granted in part.

18    2.   Defendant is entitled to discovery of plaintiff's un-redacted medical
19 records for the period of January 1, 2004, to the present, as more specifically stated in Requests 1
20 and 2 of Attachment A to the subpoenas dated May 16, 2011.

21    3.   Defendant shall promptly serve this order, and if necessary the May 16,
22 2011 subpoenas and Attachment A, on Kaiser and notify the court in writing of such service
23 within seven days of service of the order.

24    4.   The relevant personnel at Kaiser shall produce the subject medical records
25 ////
26 ////

to defendant's counsel for review and copying within 21 days of being served with this order.[3]

5. Defendant shall notify the court in writing of Kaiser's compliance with this order, and shall do so within seven days of such compliance.

6. Within 14 days of the date of this order, plaintiff and defendants shall either: (1) notify the court in writing that they have entered into a private agreement governing the protection of plaintiff's privacy and other interests in the subject medical records; or, if a private agreement cannot be reached, (2) file a stipulated protective order and proposed order governing the protection of plaintiff's privacy interests in the subject medical records, which complies with the court's Local Rules, including Local Rule 141.1.

IT IS SO ORDERED.

DATED: July 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendant's counsel has represented to the court that a member of Kaiser's legal department, Kathy Santos, informed defendant that Kaiser will produce plaintiff's medical records pursuant to a court order. (See Halloran Decl. ¶ 12, July 21, 2011, Dkt. No. 72, Doc. No. 72-3.)

3